**Lemeki KURIVASU; Miriama Navunisaravi Vakacabeooli, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–74483.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 14, 2006.

Alison Dixon, Law Office of Alison Dixon, San Francisco, CA, for Petitioners.

Lemeki Kurivasu, Glen Allen, CA, pro se.

Miriama Navunisaravi Vakacabeooli, Glen Allen, CA, pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Mala Malhotra, U.S. DOJ, Washington, DC, for Respondent.

Before LEAVY, GOULD, and CLIFTON, Circuit Judges.

MEMORANDUM **

Lemeki Kurivasu and his wife Miriama Navunisaravi Vakacabeooli, natives and citizens of Fiji, petition for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's order denying Kurivasu's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Kozulin v. INS*, 218 F.3d 1112, 1115 (9th Cir.2000), and deny the petition for review.

Substantial evidence supports the agency's determination that Kurivasu did not establish eligibility for asylum. Kurivasu testified that he fled Fiji after his manager at work threatened him for reporting the manager's human smuggling activities to the authorities. Contrary to Kurivasu's contention, the evidence does not compel the conclusion that his manager threatened him or would harm him on account of a statutorily protected ground. *See id.* at 1116–17. Kurivasu also testified that on various occasions villagers threatened him, told him to leave his village, and once assaulted him on the grounds that he had illegitimate birth status, spoke out against the Fijian political system, and remained neutral with respect to a split in the Methodist church. Neither his testimony nor any other evidence in the record compels the conclusion that this mistreatment rose to the level of persecution or that he has an objectively reasonable fear of being persecuted in the future. *See Kumar v. Gonzales*, 439 F.3d 520, 524–25 (9th Cir.2006).

Because Kurivasu failed to establish eligibility for asylum, he necessarily failed to meet the higher burden for withholding of removal. *See id.* at 525.

The agency denied CAT relief on the ground that Kurivasu failed to present evidence that it is more likely than not that he would be tortured by Fijian officials or anyone acting with their acquiescence. The record does not compel a contrary finding. *See* 8 C.F.R. § 1208.16(c)(2).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

